IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| REMAIN AT HOME SENIOR CARE, LLC, | : : : | |
| Plaintiff, | : : | |
| v. | : : | No. 3:21-CV-135 (CAR) |
| TANJA ADAMS, et al, | : : : | |
| Defendants. | : : | |

## ORDER ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO TRANSFER

Before the Court are Plaintiff Remain at Home Senior Care, LLC's ("RAH") Motion to Remand this breach of contract action to the Superior Court of Athens-Clarke County, Georgia for lack of subject matter jurisdiction and Defendants' Motion to Transfer this case to the District of South Carolina. For the reasons discussed herein, RAH's Motion to Remand [Doc. 5] is **GRANTED**, and Defendants' Motion to Transfer [Doc. 3] is **DENIED as moot**.

RAH filed this action on November 2, 2021, in the Superior Court of Athens-Clarke County seeking damages from Defendants' alleged breach of their employment contracts. Ten days later, RAH filed its first Amended Complaint in Athens-Clarke County Superior Court.[1] Defendants removed the action to this Court on December 9, 2021, pursuant to the Court's federal question jurisdiction. One week later, Defendants filed a Motion to Transfer

---

[1] RAH's First Amended Complaint, [Doc. 5-1].

this case to the District of South Carolina, where the Defendant Nurses are Plaintiff-Realtors in a *qui tam* action involving RAH's alleged violations of the False Claims Act.[2] RAH opposes Defendants' Motion to Transfer and filed a Motion to Remand the case to Superior Court. Defendants attached RAH's original Complaint in their notice of removal.[3] But because RAH filed its first Amended Complaint almost a month before Defendants removed this action, RAH's Amended Complaint serves as the operative Complaint for the Court's analysis.[4]

The Court must remand a case it lacks jurisdiction to consider.[5] "Any claim that was originally filed in state court may be removed by a defendant to federal court if the case could have been filed in federal court originally."[6] Where, as in this case, there is not complete diversity of citizenship, "the defendant must show that federal question jurisdiction is present."[7] Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[8] "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'

---

[2] See *United States of America, ex rel. Tanja Adams, et al. v. Remain at Home Senior Care, et al.*, No. 1:17-cv-01493-JMC (D.S.C. 2017).

[3] Notice of Removal, [Doc. 1].

[4] *See Willich v. Wells Fargo Bank, N.A.*, No. 3:12-cv-544-J-32JBT, 2012 U.S. Dist. LEXIS 204685 (M.D. Fla. Aug. 13, 2012) (analyzing case law from multiple districts and concluding "that an amended complaint filed prior to the state court receiving notice of removal is the operative complaint.").

[5] *See* 28 U.S.C. § 1447(c).

[6] *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1289 (11th Cir. 2004) (citing 28 U.S.C. § 1441(a)).

[7] *Id*. (citing 28 U.S.C. § 1441(b)).

[8] *Id*. (citing 28 U.S.C. § 1331).

which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[9] "[B]ecause removal jurisdiction implicates 'significant federalism concerns,' [the Eleventh Circuit] construe[s] removal statutes strictly."[10]

No federal question is presented on the face of RAH's Amended Complaint. RAH asserts a Georgia state law claim against Defendants for breach of contract arising out of alleged violations of their employment agreements.[11] RAH alleges "Defendants have taken from Plaintiff and disclosed to third-parties: (a) documents containing patient medical information; (b) documents containing Plaintiff's emails; (c) documents containing Plaintiff's business strategies; (d) documents containing Plaintiff's financial information; and (e) documents containing Plaintiff's billing information."[12] Nowhere in the Amended Complaint does RAH assert a claim arising under the Constitution, laws, or treaties of the United States.

Defendants argue that the Court has jurisdiction because RAH's suit could amount to retaliation under the False Claims Act ("FCA").[13] Defendants cite to *Gunn v. Minton*, in which the Supreme Court held, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of

---

[9] *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).
[10] *Bowling v. United States Bank Nat'l Ass'n*, 963 F.3d 1030, 1033 (11th Cir. 2020)
[11] RAH's First Amended Complaint, [Doc. 5-1].
[12] *Id*. at ¶ 27.
[13] Defendants Response to Plaintiff's Motion to Remand, [Doc. 8] at p. 4.

resolution in federal court without disrupting the federal-state balance approved by Congress."[14] Defendants' argument is unpersuasive. Whether this suit constitutes retaliation under the FCA is not essential to adjudicate RAH's breach of contract claim. While the two may be related in light of the pending *qui tam* action in the District of South Carolina, Defendants' potential counterclaim or defense for retaliation under the FCA is insufficient to establish jurisdiction.

District Courts have "an obligation to ascertain whether federal subject-matter jurisdiction would have extended to the plaintiff's complaint, had the plaintiff chosen to file in federal court instead of state court."[15] "[C]ounterclaims are 'irrelevant' to determining whether a district court has 'original jurisdiction' over a civil action; rather, Supreme Court precedent requires the plaintiff's complaint in the original action to establish 'original jurisdiction.'"[16] Likewise, "unless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court [solely because] a possible defense might involve a federal question."[17] RAH's amended complaint does not state a federal question, and a potential claim for retaliation alone is insufficient to establish federal question jurisdiction.

---

[14] *Gunn v. Minton*, 568 U.S. 251, 258 (2013).
[15] *Bowling v. United States Bank Nat'l Ass'n*, 963 F.3d 1030, 1037 (11th Cir. 2020) (citing *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019); 28 U.S.C. § 1441).
[16] *Id*.
[17] *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003).

Because the Court lacks jurisdiction, this case was improperly removed. Therefore, RAH's Motion to Remand [Doc. 5] is **GRANTED**.  Defendants' Motion to Transfer [Doc. 3] is **DENIED as moot**. Pursuant to 28 U.S.C. § 1447(c), the case is hereby **REMANDED** to the Athens-Clarke County Superior Court for further proceedings.  The Clerk of the Court is hereby **DIRECTED** to forward a certified copy of this Final Order of Remand to the Clerk of the Superior Court of Athens-Clarke County, Georgia, Civil Action No. SU21CV0527.

**SO ORDERED,** this 19th day of May, 2022.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
